```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


MARK GRANT,                      )
                                 )
              Plaintiff,         )
          vs.                    ) NO. 1:10-cv-01220-MJD-LJM
                                 )
TODD A. VAN NATTA,               )
OKSANA INTERNATIONAL LLC,        )
VAN NATTA ASSET MANAGEMENT, LLC, )
                                 )
              Defendants.        )
```

**ORDER ON MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Todd Van Natta's motion for enlargement of time to respond to Plaintiff's motion for Summary Judgment. [Dkt. 118.] The Court must address several issues with Defendant's motion. First, Defendant's response to Plaintiff's motion for summary judgment was due to be served on or before August 24, 2012. [Dkt. 116 at 1.] Plaintiff's motion for enlargement of time was not received by the Court until October 1, 2012. [Dkt. 118 at 1.] Consequently, the Court must first address the timeliness of Plaintiff's request.

First, the Court takes judicial notice that Van Natta is a pre-trial detainee awaiting trial in federal court. *See United States v. Van Natta*, 1:12-cr-99-WTL-DKL (S.D. Ind.). Second, Van Natta's motion contains handwritten notations that suggest

it was prepared on August 16, 2012, more than a week before Van Natta's response to the motion for summary judgment was due to be served.  [Dkt. 118 at 1-2.]  Third, the envelope in which the motion was received by the Court demonstrates that Van Natta transmitted the motion though authorities at the Marion County, Indiana Jail, where he is being held, and that the motion followed a circuitous route through the Marion County, Indiana Clerk's Office before making its way to this Court.

Under Federal Rule of Appellate Procedure 4(c)(1), a *pro se* prisoner's appeal is deemed filed on the date it is delivered to prison authorities for mailing.  Fed. R. App. P. 4(c)(1); *see Houston v. Lack,* 487 U.S. 266, 275-76 (1988); *Ingram v. Jones,* 507 F.3d 640, 643 (7th Cir. 2007).  There is no comparable rule in the Federal Rules of Civil Procedure.  The rules governing Van Natta's response to Plaintiff's motion for summary judgment required his response to be filed by the date set forth for such response.  Van Natta failed to respond or move to enlarge the time to respond by that date, therefore, his request is untimely.  The Court further notes that Fed. R. App. P. 4(c)(1) requires a party seeking to invoke the rule to confirm under oath that first class postage for the pleading was prepaid.  Fed. R. App. P. 4(c)(1).  Van Natta cannot make that showing here, as the envelope in which he originally placed the motion

clearly shows that it was returned for lack of postage.  [Dkt. 118-1.]  Thus, Van Natta would not have been protected even by the more favorable appellate rule.

Because Van Natta's motion was filed after his time to respond had expired, a request for enlargement must demonstrate excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  Once again, Van Natta's motion is devoid of any such showing.  Plaintiff's motion for summary judgment was filed, *pro se* on July 13, 2012. In an effort to guarantee proper notice to Van Natta and ensure he was aware of his need to respond, on July 19, 2012, the Court issued a notice to Van Natta advising him of his need to respond and enlarging the time for that response to August 24, 2012. [Dkt. 116.]  Van Natta's motion is devoid of any reasoning as to why it was not timely filed, accordingly that motion will be denied.

Furthermore, even if Van Natta's motion had been timely filed, it would have been denied.  First, Van Natta's motion purports to have been made pursuant to Rule 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or

to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Van Natta's motion suggests he requires time to conduct
additional discovery prior to responding to the motion.  [Dkt.
118.]  There are a number of problems with Van Natta's request.
First, discovery in this matter is closed.  Pursuant to the
Court's original Case Management Plan, non-expert witness
discovery and discovery relating to liability issues was to be
completed by July 16, 2011 and expert witness discovery and
discovery relating to damages was to be completed by November
27, 2011.  [Dkt. 33 at 3.]  Those deadlines were subsequently
extended several times, [*see* Dkt. 55 at 3; Dkt. 84 at 2], and
were finally extended by order dated March 30, 2012 so that non-
expert witness discovery and discovery relating to liability
issues was to be completed by June 29, 2012 and expert witness
discovery and discovery relating to damages was to be completed
by August 1, 2012. [Dkt. 88 at 1.]  Accordingly, even assuming
Van Natta's motion was prepared on August 16, 2012 as it is
dated, such was two weeks after the close of all discovery in
this matter. Therefore, no relief pursuant to Rule 56(d) would
be available.  Furthermore, Rule 56(d) requires such application
be made by "affidavit or declaration" and, while Van Natta's

motion contains a section labeled "Affidavit", [Dkt. 118 at 2], Van Natta's signature on the document was neither sworn and notarized nor made pursuant to the penalties for perjury as required to satisfy Rule 56(d). Accordingly, even if timely, Van Natta's motion pursuant to Rule 56(d) must be denied.

Finally, again even if it was timely and was treated as a simple motion for enlargement of time, Van Natta's motion would be denied.  Motions for enlargement of time are governed by Local Rule 6-1, which provides that such motion must "state the original deadline and the requested deadline" and "provide the reasons why an extension is requested."  S.D. Ind. L.R. 6-1(a). Van Natta's motion fails to articulate either the date his response was due or the date to which an enlargement was sought. While the motion purports to articulate a reason for the extension, as discussed above, that reason is unpersuasive, as discovery closed prior to the request being made.  Even though he is unrepresented by counsel, Van Natta is still required to comply with all Court rules governing the litigation of this matter. *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("it is ... well established that pro se litigants are not excused from compliance with procedural rules.") (citing *McNeil v. United States,* 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) (noting that the Supreme Court has "never

5

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")); *see, e.g., Greer v. Bd. of Educ. of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"); *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994) (collecting numerous cases). Van Natta has not done so here.  Accordingly, even if Docket No. 118 had been timely filed and had been treated by the Court as a motion for enlargement of time, that motion would have been denied.

This case has been pending for more than two years and is replete with examples of Mr. Van Natta's refusal to participate in the litigation of the case.  [*See. e.g.*, Dkt. 48.]  Mr. Van Natta's most recent attorney moved to withdraw as counsel for Van Natta based upon his refusal to cooperate with that counsel in his defense of this matter. [Dkt. 71.]  The instant motion appears to be yet another attempt by Mr. Van Natta to delay this proceeding.  Plaintiff is entitled to enforcement by the Court of its rules and procedures.  Van Natta's motion for enlargement of time, [Dkt. 118], is **DENIED**.

Dated: 02/06/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MARK GRANT
32 Crolley Lane
White, GA 30184

TODD A. VAN NATTA
Jail ID T00649787
MJ 4S
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204

7